UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROD GOODMAN,<br><br>                             Plaintiff,<br><br>- against -<br><br>UNIVERSAL BEAUTY PRODUCTS INC.,<br><br>                             Defendant. | Docket No. 17-cv-01716<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Rod Goodman ("Goodman" or "Plaintiff"), by and through his undersigned counsel, as and for his Complaint against Defendant Universal Beauty Products Incorporated ("UBP" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of a bald male model owned and registered by Goodman, a New York-based photographer. Accordingly, Goodman seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or is doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.     Goodman is an award-winning New York City portrait and headshot photographer specializing in actor headshots, corporate employee portraits and promotional photography for musicians, having a usual place of business at 245 West 29th Street, Studio 1200, New York, NY 10001. Over the course of his career, Goodman has photographed various television and movie actors, including Terrence Jenkins, Michael Vondel and Tom Tansey. Goodman's photography has also appeared in various publications around the world, including *Harper's Bazaar, Rolling Stone Magazine* and *People En Español*. In 2011, Goodman was voted "Best Headshot Photographer in New York" in a Backstage Readers Poll. At all times material hereto, Goodman has maintained a business website at the following URL: www.rodgoodmanphoto.com (the "RG Photography Site").

6.     Upon information and belief, UBP is a corporation duly organized and existing under the laws of the State of Illinois, in the business of producing non-medicated cosmetics and grooming products for the head and scalp. Upon information and belief, UBP has a business address of 500 Wall Street, Glendale Heights, IL 60139. At all times material hereto, UBP has owned and operated a website at the following URL: www.baldguyshop.com. (the "Bald Guyz Online Site").

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photograph**

7.     On or about November 22, 2010, Goodman photographed headshots of a bald Caucasian male model. The photography 'proofs' produced from that shoot were published on the RG Photography Site, but were only accessible using a unique client access code provided to the model. Goodman did not provide access to the proofs to anyone other than the model, who

ultimately selected and purchased the photograph at the center of this case (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Goodman is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

9. The Photograph was registered with the U.S. Copyright Office and was given pending Copyright Registration Number 1-4326318738. See Exhibit B.

10. In 2010, when Goodman shot the Photograph, the RG Photography Site contained a notice providing that "No images may be reproduced or copied in any manner without written permission from the photographer." A screenshot from Goodman's 2010 website is attached as Exhibit C.

11. The home page of the current RG Photography Site similarly contains a User Agreement, which provides, in part:

> Products purchased through this website are subject to the terms set forth by Photographer in a separate license agreement, . . . the acquisition of a copy of a product does not itself convey any rights under copyright or other laws to exploit the work. Products purchased by you through this website may not be reproduced, scanned, displayed, transmitted, distributed, modified, altered or otherwise exploited in any manner without the prior consent of the photographer.

See Exhibit D.

12. Goodman did not license the Photograph to anyone.

**B.    Defendant's Infringing Activities**

13. Upon information or belief, on or before July 7, 2014, UBP redesigned the label of its clear shave gel to incorporate the Photograph. Defendant did not consult with Plaintiff or obtain Plaintiff's consent to use the Photograph before its label redesign. Screenshots showing Defendant's use of the Photograph in this manner are attached hereto as Exhibit E.

3

14. Upon information and belief, Defendant has sold thousands of infringing products online and in brick-and-mortar stores across the country. In addition to offering infringing products for sale on its proprietary website, the Bald Guyz Online Site lists twelve (12) official retailers of Defendant's scalp and skin products; among them, national pharmacy chains such as Walgreens, Duane Reade, Publix, Wegmans and the online retailer Drugstore.com. A true and correct copy archived from the "Retailers" section of the Bald Guyz Online Site in 2014 is attached hereto as Exhibit F.

15. Upon information and belief, Defendant has sold products bearing the Photograph within the state of New York through the Bald Guyz Online Site.

16. Defendant's products have also been sold—and continue to be sold—at various "unofficial" retailers, including, without limitation, Amazon.com, Ebay.com, Wal-Mart stores and Alibaba.com. See Exhibit G.

17. In 2014, Goodman, who is bald, was shopping at his local Duane Reade pharmacy for scalp care products when he came across Defendant's shave gel. Goodman recognized the Photograph on the front of the shave gel and, after reviewing his old proofs, confirmed he was the photographer of the Photograph.

18. UBP did not license the Photograph from Plaintiff, nor did UBP have Plaintiff's permission or consent to publish the Photograph on the Bald Guyz Online Site or any of its products.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST UBP)**
**(17 U.S.C. §§ 106, 501)**

19. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-18 above.

4

20. UBP infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Bald Guyz Online Site and on thousands of its grooming products. UBP is not, and has never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use Goodman's Photograph.

21. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

22. Upon information and belief, the foregoing acts of infringement by UBP have been willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights.

23. As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to recover his damages and Defendant's profits pursuant to 17 U.S.C. § 504(b).

24. Defendant's conduct described above is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**(INFRINGING EXPORTATION OF COPIES OR PHOTORECORDS AGAINST UBP)**
**(17 U.S.C. § 602(A)(2))**

25. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-24 above.

26. Upon information and belief, UBP exports products incorporating Plaintiff's photograph outside the United States.

27. The Bald Guyz Online Site allows purchasers of Defendant's products to ship their orders outside of the United States and provides international shipping rates for goods so shipped.

28. Any goods shipped by the Defendant outside of the United States have been, and continue to be, exported without Goodman's authorization.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant UBP be adjudged to have infringed upon Plaintiff's copyright in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Plaintiff be awarded his actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

3. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4. That Defendant be permanently enjoined from further infringing Plaintiff's copyright in the Photograph; and that the Court order the impounding and disposition of all infringing products bearing Plaintiff's Photograph, as well as all records documenting the manufacture, sale or receipt of things involved in Defendant's violation of Plaintiff's exclusive copyright in the Photograph, pursuant to 17 U.S.C. §§ 502 and 503;

5. That Plaintiff be awarded his costs, expenses and attorney's fees pursuant to 17 U.S.C. § 505;

6. That Plaintiff be awarded pre-judgment interest; and

7. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: March 8, 2017
Valley Stream, New York

                      LIEBOWITZ LAW FIRM, PLLC

                      By: /s/    Kamanta C. Kettle
                            Kamanta C. Kettle

                          Richard P. Liebowitz
                          Kamanta C. Kettle
                          11 Sunrise Plaza, Suite 305
                          Valley Stream, New York 11580
                          Telephone: (516) 233-1660
                          RL@LiebowitzLawFirm.com
                          KK@LiebowitzLawFirm.com

                      *Attorneys for Plaintiff Rod Goodman*